A. H. Gillett for estate.

———

(Hamilton County Probate Court.)
IN RE ESTATE OF THOMAS J. GALLAGHER, DECEASED.

———

1. It is no part of the duty of executors, acting for the benefit of creditors of the estate, to account to the court for trust funds that, when collected, should be distributed to heirs and devisees, and not paid as assets of the estate to creditors, presenting claims.

2. The language of the will of Thomas J. Gallagher held not to indicate a trust for the benefit of the creditors of the estate.

———

FERRIS J.

This matter comes before the court on exceptions filed to the account of the executrices, and necessitates the determination of the question as to whether the language used in the will creates a trust, by the terms of which certain rents collected by the executrices and included in the account of January 1, 1894, are assets of the estate of Thomas J. Gallagher, or whether they have been improperly included, and in law belong to and are the property of the heirs and devisees.

As a proposition it may be stated that every will is a trust and every executor a trustee.  In the absence of a will, the administrator is a statutory trustee, and the administration act defines the trust.  The language of this will furnishes in my judgment a reasonably clear course for the determination of the question submitted to the court, as to whether rents collected are assets of the estate, or whether they belong to the heirs.

The proposition will not be denied that in the absence of a will, the administrator has no concern with the realty except to subject it to the payment of indebtedness when the personal property shall be insufficient to liquidate admitted claims. In the presence of a will the right of an executor to collect rents must be clearly defined, and the trust authorizing and empowering an executor to manage and control the real estate should be clear and well defined.

The general rule would be, as repeatedly announced in an unbroken line of decisions by our Supreme Court, that real estate descending eo instante to heirs and devisees at death of a decedent, carries of necessity to such heirs and devisees the right to collect all rents and enjoy all profits. The correctness of this proposition, admitted by counsel to be true, is denied applicability to the case at bar, on the theory that the peculiar language employed created such a trust as that it was the manifest duty of the executrices to have collected the rents, and after deducting proper expenses incident to the management of the estate, to have distributed to the creditors of the estate such proceeds, upon the theory that they were clearly the property of creditors and not distributable assets to heirs and devisees.

The will of Thomas J. Gallagher provides in item first, as follows:

"I give and bequeath to my daughters, Mary C. Gallagher and Eleanor Gallagher, all the property, real and personal, of which I may die possessed, to be held and controlled by them, subject to the following provisions, to-wit:

"1st.  All just debts and expenses to be fully paid.

"2d.  The one half income from my estate, exclusive of dwelling house, No. 30 West Eighth street, of which she holds the title, to be paid to my wife, Mary E. Gallagher.

"Such sum as my estate can reasonably afford (my daughters to be the judges) for the use and benefit of my son, Thomas J. Gallagher, until he becomes eighteen years old; and in case his eyes should fail him, as they now threaten, it is my will that he should inherit and share equally with my daughters in fee."

Now, by any fair interpretation of this will, it would seem clear that the legal title to the real estate in question was in Mary C. Gallagher and Eleanor Gallagher in trust for the uses and purposes set forth in the will, with the remainder in the devisee after the trust had become executed. But the language of the will necessitated, on the part of these executrices, the payment of debts and expenses as a first condition.  Had not the item been expressly set forth, the law would have required the payment of debts and expenses irrespective of the language employed by the will.

But it is as to the second item that con--

tention has arisen, namely, the payment of the proceeds of the estate exclusive of the Eighth Street residence.

The heirs of the estate and devisees, subject to the provisions of this will, were entitled to receive the income as it arose, from time to time, deducting of course the expenses incident to the care, management and control of the estate.

Whether there be a trust or the absence of an existing trust, the rights of creditors are paramount in any instance to those of heirs, devisees and cestuis que trustent. The law provides for the manner in which such claims can be asserted, provides for the methods of presentation, the time during which an examination may be had by the officer intrusted with the responsibility of determining whether they are proper claims against the estate or otherwise, and the statute of limitations has been so drawn as that promptness must be exercised by which estates may be closed within reasonable time and distributees may receive their share of the ancestral estate.

If, however, officers of court administering an estate are charged with notice of a contingent liability, it is plainly a manifest duty that funds of the estate be held in anticipation of payment; this upon the theory that the funds collected are assets of the estate. Payment to creditors is one thing, and distribution to heirs is another. I have stated the order. There could be no distribution from the assets of the estate to heirs so long as an outstanding indebtedness was unprovided for by the assets of the estate.

Therefore it becomes necessary to ascertain the law respecting the legal duty under an instrument similar to the one above quoted of parties executing a will to account for rents collected.

Bearing in mind that, generally speaking, it is no part of the duty of an administrator or executor to collect rents, and that when collected they must be accounted for to the heirs, and bearing also in mind that it is will settled that property descending as it does at death to the heirs, the title in fee simple is in such heirs, liable only to be defeated by the assertion of rights of creditors, it must follow that the incidental right to the use and enjoyment, the collection of rents and the ensuing profits must be the property of heirs and not an asset of the estate.

Is there anything in the language of this will that would indicate a different result? It was manifestly the duty, in as much as the discretion was vested in the executrices of apportioning the rents, that they should collect them and account for them. To whom? The will answers the question—the ones who were entitled to the real estate and the conditions of the holding make it imperative upon these executrices to manage and control the property for the benefit of the cestuis que trustent, and the property being theirs the income arising therefrom was theirs, subject only to be reached by a proceeding in equity to distrain such rents for the benefit of creditors of the heirs and devisees.

As officers of the court acting for the benefit of creditors of the estate, in their capacity as executors, it was no part of their duty therefore, to account to the court acting primarily in the interest of creditors, for trust funds that, when collected, should be distributed to heirs and devisees, and not paid as assets of the estate to parties presenting claims as general creditors of the same.

The language of the will does not, in my judgment, create a trust for the benefit of the creditors of the estate, but it does provide for the manner of distribution both of the income and the residue of the estate to the beneficiaries therein named.

The law creates the necessity of subjecting property to the payment of indebtedness due creditors. An estate can not be administered until opportunity has been had in the method pointed out by the statute for the assertion of claims against an estate, and this rule is not changed in the administration of an estate under a will, unless the language of the will plainly indicates a trust for the benefit of the creditors of the estate.

This I do not find apparent in the will of Thomas J. Gallagher, and if no legal duty existed on the part of the trustees to sequester these rents for the benefit of the creditors of the estate, then the fund collected was not assets of the estate and a distribution would properly have been made to the heirs and devisees, and no accountability would be necessary to creditors.

I believe that neither in the Turpin case, 16 Ohio St., nor in Conger vs. Atwood, 28 Ohio St., will an exception be found to the rule laid down in 29 Ohio St., or in the Dugan case, which reflects the clearest light upon the rules that should obtain in the case at bar.

The judgment of the court, therefore, is that the exception which relates to the accountability of the executrices for rents collected should be overruled.

Wilby & Wald; Coppock, Hammel & Coppock; John C. Healy; Paxton, Warrington & Boutet.